B J FADEM, ESQ. (SBN 118819)*
*Certified Family Law Specialist – State Board of Specialization
RON NERIO, ESQ. (SBN 251228)
**LAW OFFICES OF B J FADEM & ASSOC., APC.**
111 N Market Street, Suite 910
San Jose, CA 95113
Tel. 408-280-1220
Fax 408-971-9940

Attorney for DANIEL CARLOS CHIRAMBERRO LARRATEGUI

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>VALERIA EGUIGUREN LABORDE,<br><br>    Debtor. | Case No.: 14-26614-D-13G<br>D.C. No.: BJF-1<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN<br>341 Meeting: 9/17/14<br>Confirmation Hearing: 10/21/14<br>Confirmation Time: 10:00AM<br>Confirmation Court:<br>   Robert T. Matusi United States Courthouse<br>   501 I Street<br>   Sacramento, CA<br><br>Judge: Hon. Robert S. Bardwill |

    Daniel Carlos Chiramberro Larrategui[1] (hereinafter "Creditor"), priority creditor of the above-entitled Debtor, Valeria Eguiguren Laborde (hereinafter "Debtor"), herby objects to the

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding B J Fadem & Assoc. APC's participation in this proceeding. Moreover, the within party does not authorize B J Fadem & Assoc. APC, either expressly or impliedly through B J Fadem & Assoc. APC's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN - 1

Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of this opposition is stated below:

## I.

## **STATEMENT OF FACTS**

1. Debtor and Creditor were previously married and have one child together. Litigation regarding the parties dissolution of marriage was conducted in Argentina.

2. Pursuant to the Argentinian Court Order, Debtor was required to pay Creditor child support.[2]

3. Debtor has failed to pay the ordered child support.

4. Debtor illegally, fraudulently and in contravention of the Argentinian Court Order regarding child custody, removed the parties' minor child from Argentina to the United States and withheld the minor child from returning to Creditor's custody.

5. The District Attorney's Office, in conjunction with the Creditor, instituted a kidnapping case against the Debtor in Superior Court in the County of Sacramento.

6. Thereafter the Debtor removed the case to the United States District Court Eastern District of California, as case No. 2:13-cv-01175 JAM-EFB.

7. A bench trial regarding the abduction and kidnapping of the parties' minor child was held on December 5, 2013; the Court granted Creditor's petition to return the parties' minor child to Argentina pursuant to the Hague Convention on the Civil Aspects of

---

[2] Creditor is in the process of obtaining the child support paperwork from the Argentinian Court along with a certified translation. This Objection will be amended to include the appropriate documentation when it is received.

International Child Abduction of 1980 ("the Hague Convention"), implemented by the International Child Abduction Remedies Act of 1988 ("ICARA").

8. On or around May 22, 2014, the same Court awarded Creditor attorney's fees and costs in the amount of $38,950.98 pursuant to Article 26 of the Hague Convention and 42 U.S.C. § 11607 of ICARA.

9. On or about June 25, 2014, Debtor filed the instant Chapter 13 bankruptcy petition in the East District of California – Sacramento, and was assigned case number 14-26614.

10. On or about June 25, 2014, Debtor filed her Chapter 13 Plan ("Plan") which provides for payment to the Trustee in the sum of $175.00 per month for sixty (60) months. However, Debtor's Plan does not provide for the cure of Creditor's pre-petition child support arrears nor for the ongoing child support payments, and also fails to account for priority payments on the attorney fee award which was incurred during the litigation of Debtor's abduction and kidnapping of the parties' minor child.

11. Debtor instead listed the attorney's fees awarded to Creditor, in association with the litigation of the Hague kidnapping case, as an unsecured debt on the Debtor's Schedule F and entirely fails to list the pre-petition child support arrears on any of the Schedules.

12. Debtor will have to increase payment through the Chapter 13 Plan to Creditor to approximately $1,989.10 monthly, at minimum, in order to cure Creditor's pre-petition arrears and attorney fee award over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed by Debtor.

///

///

///

## II.

## ARGUMENT

### A. DOMESTIC SUPPORT OBLIGATIONS MUST BE PAID AS AN UNSECURED PRIORITY CLAIM

Section 507(a) of the Bankruptcy Code sets forth ten categories of expenses and claims that are entitled to priority payment in a bankruptcy case. See 11 U.S.C. § 507(a). Among the classifications under § 507, the Bankruptcy Code grants first priority to "domestic support obligations," which are not dischargeable in bankruptcy pursuant to § 523(a)(5). See 11 U.S.C. §§ 507(a)(1) and 523(a)(5). The term "domestic support obligation" is defined in 11 U.S.C. § 101(14A), which provides in pertinent part, as follows:

> (14A) The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law … that is –
>
> (A) owed to or recoverable by –
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support … of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on or after the date of the order for relief in a case under this title, by reason of applicable provision or –
>
> (i) a separation agreement, divorce decree, or property settlement agreement;

      (iii) an order of a court of record; or

      (iv) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

The Debtor and Creditor, former spouses, who are parents to a minor child, divorced in Argentina. The Argentina court eventually awarded custody of the minor child to Creditor, when Debtor decided to move to the United States. As a result, the Argentinean Court awarded to Creditor, child support, to be paid by Debtor to Creditor.

Debtor has not paid said amount and is currently in arrears. Debtor has failed to list this debt on her schedules and has failed to account for this amount in her Chapter 13 Plan. Creditor respectfully objects to the confirmation of the Debtor's Chapter 13 Plan and requests that the case be dismissed or in the alternative that the Chapter 13 Plan be increased to account for the pre-petitioner child support arrears owed to Creditor.

### B. ATTORNEY'S FEES AND COSTS AWARDED UNDER HAGUE CONVENTION ARE PRIORITY DOMESTIC SUPPORT OBLIGATIONS

To reiterate, 11 U.S.C. § 523(a)(5) excepts from the bankruptcy discharge domestic support obligations.

The Debtor's debt arising from the Hague Trial regarding her abduction of the parties' minor child resulted in an award of attorney's fees and costs to the Creditor to be paid by the Debtor.

Creditor had originally requested attorney's fees and costs in the amount of $55,372.14, however the United States District Court for the Eastern District of California took into account the Debtor's financial circumstances and awarded the reduced amount of $38,950.98, as allowed under the applicable case law.

Attorney's fees made in connection with domestic support obligations are non-dischargeable. An obligation to pay attorney's fees has been construed as being both support and non-support depending on the factual circumstances of the case. See <u>Gionis v. Wayne</u> (In re Gionis), 170 B.R. 675, 683–84 (B.A.P. 9th Cir.1994) (concluding that attorney's fees obligation was in nature of support and therefore nondischargeable), aff'd, 92 F.3d 1192 (9th Cir.1996) (unpublished table decision).

Although Creditor's counsel has been unable to locate a controlling case regarding the dischargeability of attorney's fees awarded under the Hague convention, a sister court has rendered a decision. The United States Bankruptcy Court, District of Minnesota, held that an award of attorney fees and cost award under the ICARA in a Hague case is excepted from discharge by operation of 11 U.S.C. § 523(a)(5). <u>Weed v. Lakeman</u>, 479 B.R. 533 (Bankr.D.Minn. 2012). There the court reasoned that "[e]very dollar spent on attorney's fees is a dollar not available for the support of [the custodial parent] and [the child]." <u>Id</u>. at 542, quoting <u>In re Shea</u>, 221 B.R. 491, 498 (Bankr.D.Minn. 1998).

Moreover, adding to the analysis is the determination of the attorney fee award. As the Ninth Circuit permits an award to be reduced based on the parties' financial circumstances, and the Debtor's debt was adjusted by the District Court Judge due to her limited income and assets. See

Id. at 544. Therefore, it is clear that the attorney fee award owed to Creditor is in the nature of support, which is excepted from the Debtor's anticipated discharge.

Creditor respectfully objects to the confirmation of the Debtor's Chapter 13 Plan and requests that the case be dismissed or in the alternative that the Chapter 13 Plan be increased to account for the attorney fee award provided under ICARA which are owed to Creditor.

### III.

### CONCLUSION

In conclusion, the Creditor respectfully requests that the Debtor's Chapter 13 be dismissed.  In the alternative, the child support arrears owed to Creditor, via the Argentinian family law court order should be scheduled as unsecured priority debt, and the attorney fee award under ICARA in the parties' Hague case, must also be scheduled as unsecured priority debts. The Debtor's Chapter 13 Plan payment should therefore be amended to $1,089.10 at minimum.

LAW OFFICES OF BJ FADEM & ASSOC., APC.

Dated: 9/24/14                    /s/ Ron Nerio_____
                                  Ron Nerio, Esq.
                                  Attorney for Creditor