**3**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Dr., Ste. #217
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Debtor
Valerie E. Laborde

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

IN THE MATTER OF

**Laborde, Valeria E.**
SS#xxx-xx-2824

CASE NO. 14-26614-D-13G
DOCKET CONTROL #:PGM-2
DATE: March 3, 2015
TIME: 10:00 a.m.
DEPT#: D, Courtroom 34
Honorable Judge Robert Bardwil

_____Debtors_____/

**OBJECTION TO THE CLAIM OF DANIEL CARLOS CHIRAMBERRO LARRATEGUI - CLAIM NUMBER 3-1**

Debtor by and through her attorney of record, object to the claim of The Daniel Carlos Chiramberro Larrategui (Creditor) on the following grounds:

**I.　Facts:**

1. On or about, 9/18/14, Creditor filed a Unsecured Priority claim in the amount of $60,000.00 in the above referenced case. Refer to Exhibit "A" filed herewith.

2. Upon review of proof of claim #3-1, alleges that $60,000.00 is owed for "Child Support", however, there is no documentation listing the jurisdiction of the Order for Child

-1-

Support, nor the order itself.

3. Additionally, the Creditor has signed an agreement not to seek any further funds for child support while litigating the dispute in U.S. District Court, after the attorney fees pursuant to claim 2-1, and as directed through Judge Mendez in the U.S. District Court, case #2:13-cv-01175 JAM-EFB ("U.S. District Case"). Refer to Exhibit "B" filed herewith.

## II. Analysis:

While a proof of claim has the presumption of validity, here such a presumption has been challenged and the burden of proof shifts.

While a proof of claim is presumed to be prima facie valid. The presumption may be overcome by the objecting party only if it offers evidence of equally probative value in rebutting that offered by the proof of claim. In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The burden then shifts back to the claimant to produce evidence meeting the objection and establishing the claim. In re Knize, 201 B.R. 773, 779 (Bankr. N.D. Ill. 1997). When a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim.

Nowhere in the proof of claim is there any evidence of such a claim being order by any competent court. Nowhere in the record in the U.S. District Court is there such an order. In fact, within the filings of the U.S. District Case is

reference to an agreement by the creditor to not seek any child support during the pendency of the litigation while here in California.

As such, the debtor has provided sufficient evidence to shift the burden to the creditor to prove-up the claim that $60,000.00 is owed for child support.

## I**I. Conclusion:**

Therefore, Creditor's claim should be denied in full as no valid Court Order has been issued to support that the claim exists at all.

Wherefore, Debtors pray that the Objection is sustained.

Dated: 1/15/15                         /s/Peter G. Macaluso
                                       Peter G. Macaluso, Attorney at Law